<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

UNITED STATES OF AMERICA,

                  Plaintiff,

   v.

JAMAL WILSON,

               Defendant.

</td>
<td>

Crim. No. 22-00856 (GC)

<u>**OPINION**</u>

</td>
</tr>
</table>

<u>**CASTNER, District Judge**</u>

    **THIS MATTER** comes before the Court upon Defendant Jamal Wilson's Motion to Withdraw his Guilty Plea.  (ECF No. 189.)  The Government opposed (ECF No. 195), and Defendant replied (ECF No. 196).  At the direction of the Court, (*see* ECF No. 197), the Government filed a sur-reply addressing new arguments raised by Defendant in his reply brief.[1] (ECF No. 200.)  The Court has carefully reviewed the parties' submissions and decides the matter

---

[1]     It is axiomatic that "a 'moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'"  *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (quoting *D'Allessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)).  This is so because "[b]asic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims."  *Id.* (quoting *Soto v. United States*, Civ. No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005)).  This rule applies equally in the criminal context.  *See United States v. Cammarata*, Crim. No. 21-00427, 2023 WL 3726505, at *6 n.6 (E.D. Pa. May 30, 2023) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." (quoting *United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006))).

without oral argument pursuant to Local Civil Rule 78.1(b).[2]  For the reasons set forth below, and other good cause shown, Defendant's Motion is **DENIED**.

## I.    <u>BACKGROUND</u>

On August 15, 2022, Defendant was charged via complaint on three counts of drug related offenses.  (ECF No. 1 at 3-5 (Mag. No. 22-3016).)  Subsequently, on December 15, 2022, a grand jury in the District of New Jersey indicted Defendant on six counts of drug and weapons related offenses.  (ECF No. 138 (Crim. No. 22-856).)

As relevant to this case, Defendant was originally appointed a federal public defender. (ECF No. 20.)  Subsequently, Defendant received court appointed counsel.  (ECF No. 107.) Defendant then chose to retain counsel at his own expense.  (ECF No. 145.)  On January 9, 2024, Defendant's retained counsel filed an omnibus motion seeking to suppress various forms of evidence and for the Court to require the Government to disclose material evidence in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963).  (ECF No. 155.)  The parties then engaged in plea negotiations.  (*See* ECF Nos. 156-58.)  At the direction of the parties, the Court scheduled a plea hearing for May 13, 2024, which was subsequently adjourned to June 13, 2024.  (ECF Nos. 159-160.)

On June 12, 2024, Defendant's counsel advised the Court that Defendant no longer wanted to proceed with entering a guilty plea and that defense counsel was moving to withdraw on the grounds that Defendant could no longer meet the financial obligations of proceeding with retained counsel.  (ECF No. 161.)

---

[2]    Local Civil Rule 78.1 applies to criminal cases in the District of New Jersey.  *See* L. Civ. R. 1.1; *United States v. Gibson*, Crim. No. 22-00320, 2024 WL 4476152, at *2 (D.N.J. Oct. 11, 2024).

In response, the Court converted the June 13, 2024 plea hearing to a *Frye* hearing in accordance with *Missouri v. Frye*, 566 U.S. 134 (2012) and to address counsel's motion to withdraw.  (ECF No. 162.)  At the hearing, defense counsel indicated that Defendant was reconsidering the plea offer and as such requested additional time to speak with Defendant.  (ECF No. 163-65.)  Defense counsel also requested that his motion to withdraw be held in abeyance.[3] (ECF No. 164.)  Defense counsel indicated that he would file an update with the Court on June 21, 2024, as to Defendant's decision on how to proceed.  (ECF No. 164.)  The Court adjourned the *Frye* hearing pending counsel's submission.  (ECF No. 163.)  On June 21, 2024, defense counsel filed a letter with the Court indicating that he had "spoken with [Defendant] several times this week and today on June 21, 2024[,] [Defendant] advised that he will enter a plea of guilty on June 26, 2024."  (ECF No. 166.)

On June 26, 2024, Defendant appeared before the Court to enter a guilty plea to a Superseding Information, which charged him with the following offenses: possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count One); possession with intent to distribute cocaine, 21 § U.S.C. 841(a)(1), (b)(1)(B) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and two counts of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Counts Four & Five).  (ECF Nos. 167 & 185.)  During the plea hearing, Defendant testified to the following under oath:

> THE COURT: Mr. Wilson, do you understand what you have been charged with and the maximum penalties that you face?
>
> THE DEFENDANT: Yes.

---

[3]    The Court also advised that the omnibus motion would be held in abeyance subject to refiling pending Defendant's decision on how to proceed.  (ECF No. 164.)

. . . .

THE COURT:  . . . have you fully discussed the charges in the case in general with your attorney, Mr. Archie?

THE DEFENDANT:  Yes, I did.

THE COURT:  And are you fully satisfied with the representation and advice given to you in this case by your attorney?

THE DEFENDANT:  Yes, I am.

THE COURT:  And is your willingness to plead guilty because you are indeed guilty?

THE DEFENDANT:  Yes.

[(ECF No. 185 at 6:10-8:15.)]

After determining that Defendant was waiving his right to be charged by way of an indictment and his right to a jury trial, the Court engaged in the following colloquy with Defendant regarding the plea agreement:

THE COURT:  Now, I have a copy of the plea agreement dated February 8, 2024, in front of me.  Do you have a copy of that?

THE DEFENDANT:  Yes.

. . . .

THE COURT:  Is that your signature, Mr. Wilson?

THE DEFENDANT:  Yes, it is.

THE COURT:  Did you have an opportunity to read and discuss the plea agreement, including Schedule A which begins on the next page, with your attorney, Mr. Archie, before you signed this?

THE DEFENDANT:  Yes.

. . . .

THE COURT:  Do you believe that with the explanations and advice of your attorney that you fully understand all of the terms of the plea agreement?

4

THE DEFENDANT:  Yes, I do.

THE COURT:  Has anyone made any other different promises or assurances to you of any kind in an effort to induce you to plead guilty in this case?

THE DEFENDANT:  No.

THE COURT:  Has anyone attempted in any way to force you to plead guilty in this case?

THE DEFENDANT:  No.

[(*Id.* at 13:10-22:2.)]

During the colloquy, the Court also questioned Defendant regarding his Rule 11 Application for Permission to Enter Plea of Guilty.  In his Rule 11 application, Defendant certified that: (1) he was satisfied with defense counsel; (2) he had "not been forced, coerced or threatened in any manner by any person to plead GUILTY to these charge(s)"; and (3) he "offer[ed] [his] plea of GUILTY freely and voluntarily and of [his] own accord with full understanding of all matters set forth in the . . . [INFORMATION], in this application, and in the certification of [his lawyer] . . . attached to this application." (ECF No. 170 ¶¶ 36, 42, 44.)  The Court confirmed Defendant's understanding of all the questions in the Rule 11 application in open court:

THE COURT: And I also have an application for permission to enter a plea of guilty in front of me.  Do you have a copy of that, Mr. Wilson?

THE DEFENDANT:  Yes.

THE COURT:  And do you recognize this form?

THE DEFENDANT:  Yes.

THE COURT:  And did your attorney go over all of the questions in the document with you?

THE DEFENDANT:  Yes.

THE COURT:  And you signed this form on page 7?  Is that your signature dated June 24th, 2024?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Archie, do you represent that Mr. Wilson indicated his understanding of all of the questions in the Rule 11 form, that he signed it voluntarily?

MR. ARCHIE:  Yes, Your Honor, I do.

[(ECF No. 185 at 13:10-25:25.)]

After determining that Defendant understood the contours of the plea agreement, such as sentencing and the limitation on his right to appeal, the Government engaged in a colloquy with Defendant as to the factual basis for the crimes charged:

THE COURT: Now the Court will only accept the guilty plea if there is a basis in fact for the crime.  Ms. Pitts, can you please provide a factual basis for the crime?

MS. PITTS:  Yes, Your Honor.  On or about August 16, 2022, in Mercer County, did you, Mr. Wilson, knowingly and intentionally possess with intent to distribute heroin?

THE DEFENDANT:  Yes.

MS. PITTS:  Did you later learn that what you thought was heroin was actually approximately 1,085 grams of a mixture and substance containing a detectable amount of fentanyl?

THE DEFENDANT:  Yes.

MS. PITTS:  Specifically, did you intend to distribute or sell that controlled substance for financial profit?

THE DEFENDANT:  Yes.

MS. PITTS: At the time you possessed the controlled substance did you know that it was a controlled substance?

THE DEFENDANT:  Yes.

> MS. PITTS: Are you pleading guilty to Count One of the [S]uperseding [I]nformation because you are in fact guilty of that offense?
>
> THE DEFENDANT: Yes.
>
> [(*Id.* at 28:12-29:10.)]

The Government then questioned Defendant as to Count Two of the Superseding Information.

> MS. PITTS: On or about August 16, 2022, in Mercer County, did you knowingly and intentionally possess with intent to distribute approximately 2,556.545 grams of a mixture and substance containing a detectable amount of cocaine?
>
> THE DEFENDANT: Yes.
>
> MS. PITTS: Specifically, did you intend to distribute or sell that cocaine for financial profit?
>
> THE DEFENDANT: Yes.
>
> MS. PITTS: At the time you possessed that controlled substance did you know that the controlled substance you possessed with intent to distribute was cocaine?
>
> THE DEFENDANT: Yes.
>
> MS. PITTS: Are you pleading guilty to Count Two of the superseding information because you are in fact guilty of that offense?
>
> THE DEFENDANT: Yes.
>
> [(*Id.* at 29:11-30:1.)]

As to Count Three of the Superseding Information:

> MS. PITTS: On or about August 16, 2022, in Mercer County, did you knowingly possess two firearms?
>
> THE DEFENDANT: Yes.
>
> MS. PITTS: Was one of those firearms a multiple caliber Olympic Arms pistol, Model OA-93, bearing serial number OAP1444?

7

THE DEFENDANT:  Yes.

MS. PITTS:  On or about August 16, 2022, did you knowingly possess and store that firearm, the Olympic Arms pistol, in a hidden trap shelf in your apartment, specifically Apartment 2O at 507 Grand Street in Trenton, New Jersey?

THE DEFENDANT:  Yes.

MS. PITTS:  Was the cocaine you are charged in Count Two of the superseding information with possessing with intent to distribute also stored in that same trap shelf?

THE DEFENDANT:  Yes.

MS. PITTS:  Did you possess that firearm in furtherance of your possession with intent to distribute that cocaine; that is, to protect the cocaine stashed in the trap shelf?

THE DEFENDANT:  Yes.

MS. PITTS:  Are you pleading guilty to Count Three of the superseding information because you are in fact guilty of that offense?

THE DEFENDANT:  Yes.

[*Id.* at 30:2-31:1.)]

Regarding Counts Four and Five of the Superseding Information:

MS. PITTS:  Additionally, on or about August 16th, 2022, did you knowingly possess an FNH .40 caliber pistol, Model FNX-40, bearing serial number FX2U010329 at 176 Division Street in Trenton, New Jersey?

THE DEFENDANT:  Yes.

MS. PITTS:  On or about November 21st, 2003, were you convicted in the Superior Court of New Jersey, Mercer County, of unlawfully possessing a weapon and sentenced to five years imprisonment?

THE DEFENDANT:  Yes.

MS. PITTS:  Did that conviction result from a guilty plea?

THE DEFENDANT:  Yes.

MS. PITTS:  At the time of that guilty plea did you understand that the offense to which you were pleading was a felony offense, meaning that it was an offense punishable by imprisonment for a term exceeding one year?

THE DEFENDANT:  Yes.

MS. PITTS:  On or about October 21st, 2003, were you convicted in the Superior Court of New Jersey, Mercer County, of liability for another/distribution of a controlled dangerous substance and sentenced to eight years imprisonment with three years parole ineligibility?

THE DEFENDANT:  Yes.

MS. PITTS:  Did that conviction result from a guilty plea?

THE DEFENDANT:  Yes.

MS. PITTS:  At the time of that guilty plea did you understand that the offense to which you were pleading was a felony offense, meaning that it was an offense punishable by imprisonment for a term exceeding one year?

THE DEFENDANT:  Yes.

MS. PITTS:  On or about August 30th, 2004, were you convicted in a federal District Court in the United States of unlawfully possessing a firearm as a convicted felon and sentenced to 95 months imprisonment?

THE DEFENDANT:  Yes.

MS. PITTS:  Did that conviction result from a guilty plea?

THE DEFENDANT:  Yes.

MS. PITTS:  At the time of the guilty plea did you understand that the offense to which you were pleading was a felony offense, meaning that it was an offense punishable by imprisonment for a term exceeding one year?

THE DEFENDANT:  Yes.

MS. PITTS:  In regard to this matter today, at the time you possessed the firearms at two separate locations in Trenton, New Jersey, on August 16, 2022, as charged in Count Four and Five of the superseding information, did you know that you had previously been convicted of those felony offenses I just described?

THE DEFENDANT:  Yes.

MS. PITTS:  At the time you possessed these firearms in Trenton, New Jersey, on August 16, 2022, did you know that you were a convicted felon; that is, a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year?

THE DEFENDANT:  Yes.

MS. PITTS:  Accordingly, did you know on August 16, 2022, that you were prohibited from possessing a firearm in light of your prior felony convictions?

THE DEFENDANT:  Yes.

MS. PITTS:  Do you acknowledge that the firearms you possessed on August 16th, 2022, were manufactured outside of the state of New Jersey?

THE DEFENDANT:  Yes.

MS. PITTS:  Are you pleading guilty to Counts Four and Five of the superseding information because you are in fact guilty of those offenses?

THE DEFENDANT:  Yes.

[(*Id.* at 31:2-33:21.)]

Based on the foregoing, the Court made the following finding:

THE COURT:  In the case of United States v. Jamal Wilson, the Court finds that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is knowingly and voluntarily supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted and the defendant is now adjudged guilty of that offense.

[(*Id.* at 35:7-15.)]

Following the plea hearing, on September 23, 2024, Defendant filed a *pro se* motion to withdraw his guilty plea, claiming ineffective assistance of counsel, discovery abuses, and *Brady* violations. (ECF No. 172 at 3.) On that same day, Defendant's then retained counsel filed a second motion to withdraw as Defendant's attorney, relying on his previous motion to withdraw as counsel. (ECF No. 173 (citing ECF No. 161).)

In response to the motions, the Court held a *Faretta*[4] hearing on November 5, 2024. (ECF Nos. 178 & 179.) During the hearing, Defendant explicitly stated that he wished to obtain new legal representation. The Court subsequently granted defense counsel's motion to be relieved and appointed Defendant a new attorney. (*See* ECF No. 181.) After the Court appointed Defendant new counsel, the Court permitted Defendant to file a renewed motion to withdraw his guilty plea with the assistance of new defense counsel. (ECF No. 184.)

On December 16, 2024, Defendant filed the instant Motion to Withdraw his Guilty Plea. (ECF No. 189.) Defendant raises several arguments in support of his Motion. (*See* ECF Nos. 189 & 196.) Defendant asserts that he is entitled to withdraw his guilty plea because his prior counsel was ineffective for the following reasons: (1) prior counsel "breach[ed] the attorney-client privilege [and] downplayed [Defendant's] right to review certain discovery"; (2) prior counsel failed to provide an answer to Defendant's December 18, 2023 question on "how they could defend newly acquired evidence regarding an alleged machine gun found in [Defendant's] residence" before the June 26, 2024 plea hearing; (3) prior counsel's "retainer agreement on or about February 7, 2023 was unethical"; (4) prior counsel's "untimely distribution of the Draft PSR to [Defendant], as well as no objections or corrections to it even though it had crucial mistakes"; and (5) prior

---

[4]       *See Faretta v. California*, 422 U.S. 806, 819 (1975).

counsel "after representing [Defendant] for 11 months . . ., filed an Omnibus Motion and did not ask the Court for a specific date for the Court to hear or decide the Motion." (ECF No. 189 at 4-7.)

Defendant also "asserts both factual and legal innocence on the five counts to which he pled guilty." (ECF No. 196 at 1.) Specifically, Defendant asserts the following: (1) "he never gave or sold fentanyl to Confidential Informant 1," but rather "the five packs of drugs [the Confidential Informant] gave to the agents after he said he received them from [Defendant] were actually obtained from codefendant Meekins"; (2) the Confidential Informant was unreliable; (3) the Confidential Informant's communications were not recorded by law enforcement; (4) he never sold cocaine to the Confidential Informant; and (5) his fingerprints were not found on the firearms discovered during the execution of the search warrants. (*Id.* at 1-4.) Defendant also alleges that his prior attorney "coerc[ed] him into an involuntary and unintelligent guilty plea." (*Id.* at 4-6.)

## II.    LEGAL STANDARD

"[A] guilty plea is a grave and solemn act." *Brady v. United States*, 397 U.S. 742, 748 (1970). As a result, it is axiomatic that "[o]nce a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)); *see also United States v. Dumay*, Crim. No. 22-306, 2024 WL 4370831, at *2 (D.N.J. Oct. 2, 2024) ("Withdrawal of a guilty plea is 'inherently in derogation of the public interest in finality and the orderly administration of justice.'" (quoting *Brady*, 397 U.S. at 748)). Rather, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant must have a "fair and just reason" for withdrawing a plea of guilty. "The defendant 'bears a substantial burden of showing a fair and just reason for the withdrawal of his plea.'" *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (quoting *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)). Importantly, "[a] shift

in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (quoting *Jones*, 336 F.3d at 252).

When determining whether "fair and just" reasons for a withdrawal of a plea exist, "a court 'must consider three factors . . . : (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" *Id.* District courts are required to balance these factors and no one factor is dispositive. *See United States v. Cormier*, 254 F. Supp. 3d 737, 744 (M.D. Pa. 2017), *aff'd*, 758 F. App'x 269 (3d Cir. 2018). Ultimately, whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the court. *United States v. Crowley*, 529 F.2d 1066, 1071 (3d Cir. 1976); *United States v. Brooks*, 431 F. App'x 95, 97 (3d Cir. 2011) (noting that the "district court retains a great deal of discretion to deny a withdrawal motion").[5]

## III.    DISCUSSION

### A. Assertion of Innocence

The first factor is whether Defendant asserts his innocence. "The inquiry, however, does not stop at mere 'assertion.'" *United States v. Ho-Man Lee*, Crim. No. 13-29, 2015 WL 1954600, at *12 (D.N.J. Apr. 28, 2015), *aff'd*, 664 F. App'x 126 (3d Cir. 2016). Indeed, the United States Court of Appeals for the Third Circuit has recognized that "[b]ald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea. [Rather,] [a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." *United States v. Kwasnik*,

---

[5]    The Court notes that "no evidentiary hearing is required to decide a motion to withdraw a guilty plea[] . . . if 'the record in the proceedings leading to the plea shows compliance with rule 11, or if it shows conclusively that the plea was voluntarily, knowingly and intelligently made.'" *United States v. Zion*, Crim. No. 22-527, 2025 WL 254459, at *4 (D.N.J. Jan. 21, 2025) (quoting *United States v. Jasper*, 481 F.2d 976, 978-79 (3d Cir. 1973)).

55 F.4th 212, 217 (3d Cir. 2022) (quoting *Brown*, 250 F.3d at 818).  Additionally, "a defendant seeking to withdraw his guilty plea must 'give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea.'"  *Id.*  This is so because "[a] plea of guilty is a statement under oath, not a stopgap option to be discarded when it is no longer useful."  *Ho-Man Lee*, 2015 WL 1954600, at *12.

In support of his Motion, Defendant asserts that he is both factually and legally innocent. (*See* ECF No. 196 at 1.)  *See United States v. James*, 928 F.3d 247, 253-57 (3d Cir. 2019) (collecting cases and recognizing that legal innocence and factual innocence are sufficient for purposes of asserting innocence in the context of a motion to withdraw a guilty plea).  Legal innocence is where a defendant committed a crime "but the law says [the defendant is] not culpable."  *Id.* at 254. Whereas factual innocence involves a defendant who may have committed a crime "but [the government] can't prove it."  *Id.* at 254-55.

As to Counts One and Two of the Superseding Information—possession with intent to distribute fentanyl and cocaine—Defendant asserts that he is factually innocent because "he never sold fentanyl to Confidential Informant 1" and "never gave or sold cocaine to [the Confidential Informant]."[6]  (*Id.* at 1, 3.)  Defendant's argument lacks merit because the possession charges he factually allocuted to and entered a guilty plea to do not stem from his alleged interactions with the Confidential Informant, but rather are based on the narcotics found during the execution of a search warrant of his apartment on August 16, 2022.  (*See* ECF No. 167; *see also* ECF No. 200.) The alleged interactions with the Confidential Informant that Defendant refers to all occurred prior to the execution of the search warrant on August 16, 2022.  (*See* ECF No. 196 at 1-3.)  These

---

[6]    Defendant does not assert legal innocence as to Counts One and Two of the Superseding Information.  (ECF No. 196 at 1-3.)

interactions, therefore, cannot establish the basis for his factual innocence as to the possession

charges at issue in this case.[7]  *See United States v. Carroll*, 179 F. App'x 128, 132 (3d Cir. 2006)

(finding that the defendant failed to assert his innocence because the evidence that the defendant

alleged in support of his claim of innocence was not relevant to the crimes he was charged with).

As to Count Three of the Superseding Information—possession of a firearm in furtherance

of a drug trafficking crime—Defendant asserts that "[d]ue to the fact that [he] asserts his innocence

of Count 2, he asserts his innocence of Count 3 because it would be legally impossible to accuse

him of Count 3 if there is no drug trafficking crime in Count 2."[8]  (ECF No. 196 at 3-4.)  Because

Defendant has failed to adequately assert his innocence as to the narcotics possession charges, his

argument as to Count Three of the Superseding Information lacks merit.

Next, Defendant argues that he is legally innocent as to Counts Four and Five of the

Superseding Information—two counts of unlawful possession of a firearm by a convicted felon—

because he is factually innocent of Counts One through Three.  (*Id.* at 4.)  Because Defendant has

failed to adequately assert his innocence as to Counts One through Three of the Superseding

Information, his argument as to Counts Four and Five lacks merit.

Further, Defendant's assertion that he is legally innocent as to Counts Four and Five

because the evidence found during the execution of the search warrant should have been

suppressed, also lacks merit as it simply exemplifies a shift in defense tactics that was previously

available to Defendant prior to entering his guilty plea.  *See United States v. Pinkney*, Crim. No.

---

[7]    To the extent Defendant's allegations about the Confidential Informant relate to the validity of the search warrant, the Court addresses those allegations in the context of Counts Four and Five of the Superseding Information.

[8]    Defendant does not assert factual innocence as to Count Three of the Superseding Information.  (ECF No. 196 at 3-4.)

23-1465, 2025 WL 342194, at *1 (3d Cir. Jan. 30, 2025) ("Garden-variety circumstances—like '[a] shift in defense tactics, a change of mind, or the fear of punishment'—do not satisfy this burden." (quoting *Jones*, 336 F.3d at 252)); *United States v. Neal*, 230 F.3d 1355 (Table), 2000 WL 1350664, at *1-2 (4th Cir. Sept. 20, 2000) (rejecting the defendant's argument on appeal that because his original counsel failed to inform him that he could have moved to suppress the drugs found in his car, he should have been permitted to withdraw his guilty plea, and affirming the district court's denial of the defendant's motion to dismiss); *see also United States v. Robinson*, 427 F. App'x 163, 166 (3d Cir. 2011) (finding that the defendant failed to assert her innocence, even though she claimed there were witnesses available to testify that she did not distribute narcotics, because these witnesses were previously available to testify prior to the entering of the defendant's guilty plea). Indeed, Defendant's prior counsel raised this issue in the omnibus motion and sought to suppress "all items of evidence as fruit of the poisonous tree including . . . subsequent search warrants executed during [Defendant's] arrest." (ECF No. 155 at 17.) Thus, Defendant not only previously pursued this defense, but he subsequently waived his right to assert this defense when he entered a knowing and voluntary guilty plea. *See United States v. Tucker*, 511 F. App'x 166, 169-70 (3d Cir. 2013) (noting that "[a] defendant's unconditional, knowing and voluntary guilty plea acts as a waiver of non jurisdictional defects, including waiver of pre-trial claims that police illegally seized evidence or elicited inculpatory testimony without first administering *Miranda* warnings"); *In re Trader*, 322 F. App'x 203, 204 (3d Cir. 2009) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))).

Defendant further argues that he is factually innocent as to Counts Four and Five of the Superseding Information. This is so, Defendant argues, because (1) his fingerprints were not found on any of the firearms seized during the execution of the search warrant, (2) the apartment where law enforcement officials executed the search warrant was rented by another unnamed individual, and (3) Defendant's co-defendant had belongings in the apartment. (ECF No. 196 at 4.) "But, in all of this it must be remembered that [Defendant] admitted under oath to the underlying facts of the offense[s] during the plea colloquy" and made no mention of these additional facts. *United States v. James*, 928 F.3d 247, 256 (3d Cir. 2019). Importantly, Defendant's "factual admissions 'carry a strong presumption of verity.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, given Defendant's colloquy with the Court under oath, including that he possessed firearms while being a convicted felon, (*see* ECF No. 185), the Court rejects Defendant's assertions that these additional circumstances establish his innocence.

Finally, as part of his assertion of innocence, Defendant "owes the court an explanation of why, if he was not guilty, he stated under oath at . . . his . . . plea hearing[] that he was guilty." *United States v. Feliz*, Crim. No. 15-421, 2019 WL 6496932, at *20 (D.N.J. Dec. 3, 2019), *aff'd*, No. 20-3314, 2022 WL 16844718 (3d Cir. Aug. 31, 2022). The Court finds that Defendant has not provided a sufficient reason to explain why a contradictory position was taken at his plea hearing on June 26, 2024. (*See generally* ECF Nos. 189 & 196.) At most, Defendant asserts that his prior counsel coerced him into entering a guilty plea. (*See* ECF No. 196 at 4-5.) But Defendant's statements are conclusory and unsupported given his admissions in his Rule 11 application and in light of the extensive colloquy between the Court and Defendant at his plea hearing. (ECF No. 170 ¶ 42; ECF No. 185.) *See United States v. Davis*, Crim. No. 97-383-01, 1999 WL 81528, at *6-7 (E.D. Pa. Feb. 10, 1999) (rejecting the defendant's argument that his prior attorney coerced

17

him into entering a guilty plea because of the extensive colloquy between the defendant and the court at the plea hearing where the defendant indicated he was not threatened or coerced into entering the plea). Indeed, Courts routinely find that an assertion of innocence weighs against permitting a defendant to withdraw a guilty plea when a defendant has failed to provide the critical explanation of why a contradictory position was taken at a plea hearing. *See, e.g.*, *Feliz*, 2019 WL 6496932, at *20-22, 24 (finding that there was "no adequate explanation for [the defendant's] prior statements under oath that he was factually guilty of all elements of the offenses," and holding that "[e]ven if there were a post-plea assertion of innocence, the lack of any sufficient explanation for [the defendant's] plea of guilty would fatally undermine its credibility"); *United States v. Baird*, 542 F. App'x 149, 151 (3d Cir. 2013) (affirming denial where defendant moved to withdraw plea because he allegedly lacked the requisite intent to commit the charged crimes, but "offered nothing to explain the contradictory position he took during the plea colloquy"); *United States v. Graulich,* 524 F. App'x 802, 806 (3d Cir. 2013) ("Rather than attempting to explain why contradictory positions were taken in the District Court, [the defendant] claims innocence by arguing that he never had the intent to defraud. This argument is belied by [the defendant's] plea colloquy, which shows that he admitted to having the requisite intent."); *Jones*, 336 F.3d at 253 (noting that the defendant "listened to the Government's recitation of the material facts underlying his offenses and conceded the accuracy of those facts" at his plea hearing but then failed to explain "why his position had changed," and finding that the defendant's failure to explain his contradictory position failed to satisfy the requirements of the first factor for withdrawing a guilty plea).

Therefore, the first factor weighs in favor of denying Defendant's Motion to withdraw his guilty plea.

**B. Strength of Defendant's Reasons for Withdrawing the Plea**

The second factor, which relates to the first, is the defendant's explanation for withdrawing his guilty plea (*i.e.*, "why he changed his mind following his guilty plea"). *Ho-Man Lee*, 2015 WL 1954600, at *12. "It is not enough, post-plea, to proffer a defense to the charges; 'There are few if any criminal cases where the defendant cannot devise some theory or story which, if believed by a jury, would result in his acquittal.'" *Feliz*, 2019 WL 6496932, at *22 (quoting *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980)). Importantly, "[a] defendant's reason for withdrawing his plea must rise above the belie[f] he made a bad choice in pleading guilty, a change of heart, or [p]ost-plea regrets." *Id.* (cleaned up).

Defendant asserts that "[t]he reasons [he] moved to retract his guilty plea [are] centered around prior counsel's ineffectiveness on various levels." (ECF No. 189 at 4-7; *see* ECF No. 196 at 4-5.) "A valid claim of ineffective assistance of counsel can negate the intelligent and voluntary nature of a guilty plea and provide a basis for withdrawing it." *James*, 928 F.3d at 258. Under Third Circuit law, "[a] court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if: (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *United States v. Tulu*, 535 F. Supp. 2d 492, 497 (D.N.J. 2008) (quoting *Jones*, 336 F.3d at 253-54).

Here, Defendant asserts that: (1) prior counsel "breach[ed] the attorney-client privilege [and] downplayed [Defendant's] right to review certain discovery"; (2) prior counsel failed to provide an answer to Defendant's December 18, 2023 question on "how they could defend newly acquired evidence regarding an alleged machine gun found in [Defendant's] residence" before the June 26, 2024 plea hearing; (3) prior counsel's "retainer agreement on or about February 7, 2023

19

was unethical"; (4) prior counsel's "untimely distribution of the Draft PSR to [Defendant], as well as no objections or corrections to it even though it had crucial mistakes"; and (5) prior counsel "after representing [Defendant] for 11 months . . ., filed an Omnibus Motion and did not ask the Court for a specific date for the Court to hear or decide the Motion."  (ECF No. 189 at 4-7.)

First, Defendant has failed to provide any support for his assertions regarding the alleged breach of the attorney-client privilege and counsel's "downplay[ing]" of Defendant's right to review discovery.  (ECF No. 189 at 4, 8-9.)  Indeed, Defendant's assertions are belied by the email exhibits attached to his Motion.  Those emails show that not only did prior defense counsel not reveal any confidential information to the Government, but rather defense counsel followed up with the Government to ascertain where specific evidence was in the discovery record in order to respond to Defendant's discovery questions.  (ECF No. 189 at 8-9.)  Additionally, the alleged breach of the attorney-client privilege occurred after Defendant already entered the guilty plea on June 26, 2024.  (*Id.*)  Moreover, Defendant has failed to explain how the alleged breach and the "downplay[ing]" of discovery prejudiced him.  *See also United States v. Avasso*, Crim. No. 08-482, 2010 WL 4226516, at *9 (D.N.J. Oct. 21, 2010) (noting that the defendant "could not demonstrate how this discovery would have raised reasonable doubt of his guilt or provided the basis for a defense, nor have current defense counsel's arguments done so").

Second, Defendant's responses to the Court at his plea hearing and in his Rule 11 application directly contradict his assertions that prior defense counsel failed to answer Defendant's question regarding how to defend against newly discovered evidence.  Both before the Court under oath and in his Rule 11 application, Defendant indicated that he was satisfied with prior defense counsel's representation.  (ECF No. 170 ¶ 42.)  Defendant reiterated his satisfaction at the plea hearing, where Defendant also stated that defense counsel answered all of his questions.

(ECF No. 185 (Defendant noting at the plea hearing that he was satisfied with defense counsel's representation and that defense counsel answered all of his questions).)  Because Defendant has failed to show that prior counsel's alleged failure to answer his question was unreasonable or that he was prejudiced by the alleged failure, Defendant's argument lacks merit.  *See Jones*, 336 F.3d at 252 (noting that the defendant failed to show ineffectiveness based on "his own statements in the record").

Third, as to the alleged unethical retainer agreement, Defendant's argument is disingenuous.  Defendant asserts that he was "boxed-in" to pleading guilty in this case because he was "without resources to pay prior counsel his fee of $600 an hour," and thus, Defendant would not have been able to afford to proceed to trial.  (ECF No. 189 at 4-5.)  But Defendant's argument is belied by the record.  Defendant was originally appointed a federal public defender at no cost to him.  (ECF No. 20.)  Subsequently, Defendant received court appointed counsel, again at no cost to him.  (ECF No. 107.)  Defendant then chose to retain counsel at his own expense.  (ECF No. 145.)  Despite Defendant's allegations, Defendant, nevertheless, informed the Court at his plea hearing that he was satisfied with his attorney's legal representation in this case.  (ECF Nos. 170 & 185.)  *See United States v. Cox*, Crim. No. 11-99, 2012 WL 3079177, at *6 (D.N.J. July 30, 2012), *aff'd*, 553 F. App'x 123, 125-27 (3d Cir. 2014) (finding that the defendant's attorney allegedly "lying to him about the cost of his services" did not rise to the level of ineffective assistance of counsel justifying the withdrawal of his guilty plea).  Moreover, prior to Defendant entering a guilty plea, Defendant's counsel advised the Court that he was willing to continue as court appointed counsel, which would be at no cost to Defendant.[9]  (ECF No. 161.)  Therefore, the

---

[9]    The Court also notes that no trial date had been set at the time Defendant's counsel moved to withdraw.  Therefore, if proceeding with Defendant's then counsel would have been financially challenging for Defendant, Defendant could have obtained new court appointed counsel without

Court finds that because Defendant was clearly aware of his ability to retain new legal representation and because prior counsel was willing to remain as legal counsel in this case, Defendant's argument as to prior counsel's unethical retainer agreement lacks merit.

Fourth, regarding prior defense counsel's failure to object to the PSR, this argument also lacks merit because the draft PSR was not available until after Defendant filed his original *pro so* motion to withdraw his guilty plea. (*See* ECF Nos. 172 & 177.) Therefore, prior defense counsel's actions could not have been unreasonable as there was no PSR to object to. Obviously then, there could have been no prejudice to Defendant in entering a guilty plea.

Finally, as to Defendant's claim that counsel failed to ask the Court to schedule a hearing on the filed omnibus motion, Defendant's argument lacks merit. The omnibus motion was filed on January 9, 2024. (ECF No. 155.) Defendant subsequently notified the Court that he would enter a guilty plea. (*See* ECF No. 166.) As a result, there was no need for the Court to schedule a hearing as to the omnibus motion because the motion became moot. Further, Defendant had the opportunity to raise this issue prior to entering a guilty plea. To raise this issue now is nothing more than a clear illustration of "[a] shift in defense tactics" or "a change of mind," which is insufficient for purposes of withdrawing a guilty plea. *Rivera*, 62 F.4th at 788.

Because Defendant has failed to show that prior defense counsel's actions were "under all the circumstances unreasonable under prevailing professional norms," and that Defendant "suffered 'sufficient prejudice' from his counsel's errors," *Tulu*, 535 F. Supp. 2d at 497 (quoting *Jones*, 336 F.3d at 253-54), Defendant's ineffective assistance argument lacks merit. Therefore, factor two weighs in favor of denying Defendant's Motion to withdraw his guilty plea.

---

any prejudice to Defendant. *Cf. United States v. Fattah*, 159 F. Supp. 3d 545, 548-50 (E.D. Pa. 2016) (denying the motion to withdraw as counsel because it was filed a little over three months prior to the scheduled trial date).

### C. Prejudice to the Government

The final factor is whether the Government would be prejudiced by Defendant withdrawing his guilty plea. While the Government need not show prejudice if the first two factors weigh against permitting a defendant to withdraw a guilty plea, the Court will nonetheless address the prejudice prong in the interest of thoroughness. *James*, 928 F.3d at 259 ("Because neither [defendant's] assertions of innocence nor any of his other reasons for withdrawal favored granting his motion, the District Court was not required to evaluate the prejudice to the government."); *United States v. Fuller*, 311 F. App'x 550, 553 (3d Cir. 2009) ("Because [the defendant] was unable to support her claim of actual innocence or present sufficient reasons for withdrawal, the Government need not show prejudice.").

"One form of prejudice is, of course, the simple passage of time." *Feliz*, 2019 WL 6496932, at *24. Additionally, "[i]ncreased cost and inconvenience to the government are grounds for finding prejudice, as are the diminished memory and incentive to cooperate of Government witnesses." *United States v. Fazio*, Crim. No. 09-0325, 2011 WL 6780926, at *9 (W.D. Pa. Dec. 27, 2011); *see United States v. Hannibal*, F. App'x 206, 209 (3d Cir. 2016) (finding that the district court did not abuse its discretion in determining that "prejudice [to the government] was heightened by the fact that the underlying conduct dated back to three years before the withdrawal motion"); *United States v. Schmutzler*, 602 F. App'x 871, 873 n.2 (3d Cir. 2015) (noting that "wasted governmental resources, faded witness memories, and the loss of potentially inculpatory evidence" are prejudicial to the government).

Here, the Government asserts that "[b]oth a considerable amount of time and resources have already been expended by the government in this case," the "criminal conduct occurred between May and August 2022," almost "all of [Defendant's] co-defendants have pleaded guilty

to their related charges, and many of those co-defendants have also been sentenced by the Court."
(ECF No. 195 at 15.) Additionally, "the government would be required to prepare for trial [in] a
case with dated conduct and overcome the waning memories of witnesses typically which attends
older cases." (*Id.*) Given the passage of time, the expenditure of resources, the risk of diminished
memories of potential witnesses, and the fact that the majority of Defendant's co-defendants have
already been sentenced, the Court finds that the Government would be prejudiced if the Court
permitted Defendant to withdraw his guilty plea. *See United States v. Sgarlat*, 705 F. Supp. 2d
347, 361 (D.N.J. 2010) ("[W]here, as in this case, [the defendant] has not made a substantial
showing of assertion of innocence or strength of reasons for withdrawal, the Court need not
consider further the prejudice to the Government.").

Therefore, factor three also weighs in favor of denying Defendant's Motion to withdraw
his guilty plea. After balancing the three factors, the Court will not permit Defendant to withdraw
his guilty plea.

**IV.    CONCLUSION**

For the foregoing reasons, and other good cause shown, Defendant's Motion to Withdraw
his Guilty Plea (ECF No. 189) is **DENIED**. An appropriate Order follows.

Dated: April 15, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE